UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL ANGELO BURNETT,

        Plaintiff,                    Case No. 2:24-cv-665

v.                                        Honorable Jane M. Beckering

UNKNOWN HUDSON et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $405.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id*.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See* Op. & J., *Burnett v. Marschke et al.*, No. 2:09-cv-225 (W.D. Mich. Feb. 5, 2010); Op. & J., *Burnett v. Hofbauer et al.,* No. 2:09-cv-192 (W.D. Mich. Dec. 2, 2009); Op. & J., *Burnett v. Caruso et al.*, No. 2:09-cv-180 (W.D. Mich. Oct. 8, 2009); Op. & J., *Burnett v. Hill et al.*, No. 2:09-cv-39 (W.D. Mich. Mar. 6, 2009); Op., Order & J., B*urnett v. Caruso et al.*, No. 2:08-cv-168 (W.D. Mich. Jan. 5, 2009). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in numerous cases. All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

At the time that Plaintiff filed his complaint, he was housed at the Lakeland Correctional Facility (LCF), in Coldwater, Michigan. Plaintiff sues LCF Sergeant Unknown Hudson and an unidentified LCF corrections officer he refers to as Jane Doe. Plaintiff alleges that on May 8, 2024, Defendant Doe was on the "PERSON PROTECTION DEVICE COMP[U]TER SYSTEM." (Compl., ECF No. 1, PageID.1.) She engaged Plaintiff by calling him a racial epithet. Then she programmed the computer to cause Plaintiff extreme pain and vision loss. (*Id.*) Then she discharged an atmospheric device into Plaintiff's left eye. (*Id.*) Plaintiff contends that Defendant Hudson authorized Defendant Doe's use of the computer system to impair Plaintiff's vision and cause him pain. (*Id.*) On May 14, 2024, Defendant Doe, while on the system, again engaged Plaintiff. This time she threatened to cause Plaintiff permanent loss of vision in his left eye. Then she discharged an atmospheric device into Plaintiff's left eye. (*Id.*, PageID.2.) Plaintiff alleged that the assaults continued and they were ongoing. (*Id.*)

The Court notes that the allegations set forth above are similar to allegations in three complaints that Plaintiff filed in 2020. *See Burnett v. Macauley et al.*, No. 1:20-cv-1116 (W.D. Mich.); *Burnett v. Wilborn et al.*, No. 1:20-cv-1161 (W.D. Mich.); *Burnett v. Washington*, No. 1:20-cv-1173 (W.D. Mich.).[2] In those complaints, Plaintiff alleged that various officials used the

---

[2] Plaintiff's allegations are also similar to allegations in complaints that he filed in the United States District Court for the Eastern District of Michigan. *See Burnett v. Jenkins et al.*, No. 2:19-cv-13513 (E.D. Mich.) (alleging that officials at the Macomb Correctional Facility and Ionia

4

prison "Safety System" to deliver feces and urine directly into Plaintiff's mouth over a period of years. Plaintiff admitted that he suffered from paranoia and schizophrenia. The Court ultimately determined that Plaintiff's allegations of imminent danger in all three cases were irrational and clearly baseless, and, therefore, did not support a conclusion that Plaintiff was in imminent danger of serious physical injury within the meaning of § 1915(g). *See Vandiver*, 727 F.3d at 585; *Rittner*, 290 F. App'x at 798.

Subsequently, in *Burnett v. Morrison et al.*, No. 1:23-cv-1091 (W.D. Mich. Jan. 2, 2024), Plaintiff filed a complaint alleging that named defendants used "personal protection device computer systems," on which they can "walk and talk with officers and Plaintiff," to "assault Plaintiff with officers' waste" and to "shout[ ] racial slurs and profanity in Plaintiff's ear twenty-four hours a day." *Id.*, ECF No. 1, PageID.4. Although Plaintiff alleged that Defendants used "personal protection device computer systems," rather than the prison "Safety System," the Court found that the allegations were otherwise analogous to his allegations in the above-discussed 2020 cases. The Court concluded that Plaintiff's allegations of imminent danger were "fantastic or delusional and r[o]se to the level of irrational or wholly incredible" and did not support a conclusion that Plaintiff was in imminent danger of serious physical injury. *Id.*, ECF No. 6, PageID.65–66.

---

Correctional Facility delivered feces and urine into his mouth using the prison safety systems); *Burnett v. Walsh et al.*, No. 2:18-cv-11063 (E.D. Mich.) (alleging that officials at the Macomb Correctional Facility used the Safety System to deliver feces and other bodily fluids into his mouth); *Burnett v. Herron et al.*, No. 5:18-cv-12471 (E.D. Mich.) (alleging that officials at the Macomb Correctional Facility put feces into his mouth at least three times a week). Additionally, Plaintiff's allegations are similar to allegations in the complaint that he filed in *Burnett v. Corrigan et al.*, No. 2:22-cv-129 (W.D. Mich.), in which he alleged that officials at Chippewa Correctional Facility sprayed human waste in his face and mouth using an industrial-sized spray bottle.

5

Then, in *Burnett v. Washington et al.*, No. 1:24-cv-155, Plaintiff alleged that Defendants used the "Personal Protection Device Computer System," to assault Plaintiff in various ways at any time day or night. In that case the Court also concluded that Plaintiff's allegations of imminent danger were "fantastic or delusional and r[o]se to the level of irrational or wholly incredible" and did not support a conclusion that Plaintiff was in imminent danger of serious physical injury. *Rittner*, 290 F. App'x at 798

Now, in this action, Plaintiff alleges that Defendants have used the "Personal Protection Device Computer System," and "atmospheric devices" to assault Plaintiff's vision. As the Court concluded in Plaintiff's previous cases set forth above, the Court now concludes that Plaintiff's present allegations of imminent danger are "fantastic or delusional and rise to the level of irrational or wholly incredible" and do not support a conclusion that Plaintiff is in imminent danger of serious physical injury. *Id.*[3]

In sum, Plaintiff has accrued three strikes, and he has not demonstrated that he is in imminent danger of serious physical injury. Thus, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the full civil action filing fees applicable at the time that he initiates the new action.

---

[3] Moreover, Plaintiff has since been transferred from LCF to the Chippewa Correctional Facility (URF) in Kinross, Michigan, further undercutting any claim that the risk of harm continues.

**Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*, (ECF No. 2), and will deny Plaintiff's motion seeking leave to proceed under the imminent danger of serious physical injury exception, (ECF No. 3). The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the applicable full civil action filing fees.[4]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore*, 114 F.3d at 611. Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated:     October 9, 2024              /s/ Jane M. Beckering
                                        Jane M. Beckering
                                        United States District Judge

---

[4] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the District Court filing fees in the present action.